GONE TO THE BEACH, LLC, f/k/a Investigation Technologies, LLC, Plaintiff,

v.

CHOICEPOINT SERVICES, INC. and Rapsheets Acquisition Corporation, Defendants.

No. 05–2715 JPM.

United States District Court, W.D. Tennessee, Western Division.

Sept. 21, 2007.

John S. Golwen, Kristen C. Wright, Colleen D. Hitch, Bass Berry & Sims PLC, Memphis, TN, for Plaintiff.

Elizabeth Marie Fong Low, Sam B. Blair, Jr., Baker Donelson Bearman Caldwell & Berkowitz, Memphis, TN, James N. Gorsline, Ralph B. Levy, King and Spalding LLP, Atlanta, GA, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ORDER DISMISSING CLAIMS WITHOUT PREJUDICE

JON P. McCALLA, District Judge.

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 46), filed January 19, 2007, and Defendants' Motion for Summary Judgment (Doc. 47), filed February 13, 2007. Defendants filed their Response to Plaintiff's Motion for Summary Judgment (Doc. 48) on February 21, 2007. Plaintiff filed its Brief (Doc. 51) in Response to Defendants' Motion for Summary Judgment and in Reply to Defendants' Response to their own Motion for Summary Judgment on March 14, 2007. For the following reasons the Court DENIES both Motions for Summary Judgment and DISMISSES Plaintiff's claims without prejudice for determination by the arbitrator.

## I. Background

This case arises out of an asset purchase agreement ("the Agreement") between Plaintiff, Gone to the Beach, LLC ("GTTB"), and Defendants Choicepoint Services, Inc. and its wholly owned subsidiary, Rapsheets Acquisition Corporation (collectively, "Defendants"). The parties entered into the Agreement on March 31, 2004, whereby Plaintiff sold substantially all of the assets of its business to Defendants. (Compl. Ex. A.) According to the Agreement, Plaintiff was to receive $20,400,000 as a base price and an earnout payment not to exceed $15,000,000 based on the business' financial performance in 2004. Defendants agreed to operate the business for the remainder of 2004 "in the ordinary course consistent with [Plaintiff's] past practice." (Id. at ¶ 2.6(d)(ix).)

On June 10, 2005, Defendants notified Plaintiff that the earnout payment would be only $27,858. (Mem. Pl. Opp'n Defs.' Mot. Dismiss 2.) Plaintiff contends that Defendants did not operate the business in accordance with the Agreement, and thereby diminished the value of the earnout payment. Specifically, Plaintiff maintains that Defendants breached certain covenants in the Agreement (Compl.¶ 9) and did not "operate the Business in the ordinary course consistent with Plaintiff's past practices...." (Id. at ¶ 11.)

The Agreement specifies that "[a]ny controversy, claim, or question of interpretation in dispute ... arising out of or relating to this Agreement" must be settled by arbitration in Atlanta, Georgia. (Compl. Ex. A ¶ 9.13(a).) The Agreement further provides that if any calculations related to the earnout payment are disputed, they must be resolved by an audit firm in Birmingham, Alabama. (Id. at ¶¶ 2.4(d), 2.6(c).)

Plaintiff views Defendants' alleged failure to abide by the terms of the Agreement as a matter of contract interpretation. Accordingly, on August 30, 2005, Plaintiff made a demand for arbitration in Atlanta, Georgia, and identified an arbitrator. (Compl. Ex. D.) According to Plaintiff, Defendants objected to arbitration, stating that they were only amenable to having an arbitrator determine whether the issues raised by Plaintiff were in fact arbitrable. (Compl. ¶ 21.) Defendants contend that the only dispute between the parties concerns the amount of the earnout

payment, and therefore, this is an accounting matter that should be resolved by the audit firm in Birmingham, rather than by arbitration. (Mem. Support Mot. Dismiss 2–3.) Plaintiff filed the instant complaint on September 29, 2005. Plaintiff seeks a declaratory judgment as to the arbitrability of the issues in this case. (Compl. ¶¶ 23–25.) Both parties agree that this matter should either go to arbitration in Atlanta or to the audit firm in Birmingham. (Ans. ¶ 9.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986), *reh'g denied; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Abeita v. TransAm. Mailings, Inc.*, 159 F.3d 246, 250 (6th Cir.1998), *reh'g and reh'g en banc denied.* A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## III. Analysis

Under the Federal Arbitration Act ("FAA"), a party to an arbitration agreement may petition a district court for a determination of arbitrability. 9 U.S.C. § 4. A party may petition "*any* United States district court which, save for such [arbitration] agreement, would have jurisdiction under Title 28 ... for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* (emphasis added). Under settled precedent, "the question of arbitrability ... is undeniably an issue for judicial determination." *AT & T Tech., Inc. v. Comm. Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); *see also Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962)("whether or not the company [i]s bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties").

In support of its Motion for Summary Judgment and in opposition to Defendants' Motion for Summary Judgment, Plaintiff relies on the analytical framework for interpreting limited purpose arbitration clauses established by the United States Court of Appeals for the Second Circuit in *McDonnell Douglas Finance Corp. v. Pennsylvania Power and Light*, 858 F.2d

825 (2d Cir.1988). (Pl. Mem. in Supp. of Mot. for Summ. J. 12–19.) Defendants' respond by distinguishing the *McDonnell Douglas* cases as involving only one arbitration clause as opposed to two. This distinction is indeed determinative, because it aligns the controversy not with the *McDonnell Douglas* interpretation cases, but with the recent Supreme Court decision in *Buckeye Check Cashing, Inc. v. Cardegna et al.,* 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006).

*Buckeye* involved a general arbitration agreement, similar to the general arbitration clause in this case. *Id.* at 442, 126 S.Ct. 1204. The *Buckeye* court held that, in light of the general arbitration clause, the court's review of arbitrability was limited to the question of whether or not the arbitration clause was valid and enforceable. *Id.* at 445–46, 126 S.Ct. 1204. The broader question of the enforceability of the contract as a whole was reserved for determination by the arbitrator. *Id.*

The United States Court of Appeals for the Sixth Circuit has not yet had occasion to apply the *Buckeye* holding. In *Certain Underwriters at Lloyd's London v. Westchester Fire Insurance Co.,* 489 F.3d 580 (3d. Cir.2007), the issue on appeal to the United States Court of Appeals for the Third Circuit was "whether an arbitrator or a court should decide whether coverage disputes under essentially identical insurance contracts should be arbitrated separately ... or collectively...." *Id.* at 582. As is the case here, the question was " 'not whether the parties wanted a judge or an arbitrator to decide *whether they agreed to arbitrate a matter,*' but rather 'what *kind of arbitration proceeding* the parties agreed to.' " *Id.* at 587 (*quoting Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003)). The Third Circuit held that this question should be resolved by the arbitrator. *Westchester Fire,* at 587. Similarly

the United States Court of Appeals for the Fourth Circuit has held that "only when there is a question regarding whether the parties should be arbitrating at all" is there a question of arbitrability for the court to address. *Dockser v. Schwartzberg,* 433 F.3d 421, 426 (4th Cir.2006).

In this case the parties agree that the only issue for the court to resolve is not whether arbitration is appropriate, but what kind of arbitration is required under the contract. This issue of contract interpretation is not properly before the court. Accordingly, the Court DENIES both Motions for Summary Judgment and DISMISSES Plaintiff's claims without prejudice for determination by the arbitrator.

## IV. Conclusion

For the reasons discussed, the Court finds that neither Plaintiff's nor Defendants' Motion for Summary Judgment is properly before the Court. Accordingly, the Court DENIES both Motions for Summary Judgment and DISMISSES Plaintiff's claims without prejudice for determination by the arbitrator.

SO ORDERED.